United States District Court
Southern District of Texas
**ENTERED**
April 25, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DORCAS-JEDI & ASSOCIATES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-16-2374 |
| | § | |
| DIVINE EDLEN USA, LLC, NORDANA | § | |
| USA, INC., CITIBANK NATIONAL | § | |
| ASSOCIATION, and DIAMOND BANK, PLC, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION
## GRANTING DEFENDANT NORDANA (USA), INC.'S
## MOTION FOR SUMMARY JUDGMENT

Pending and referred is Defendant Nordana (USA) Inc.'s Motion for Summary Judgment (Document No. 23) in which Defendant maintains that Plaintiff's claims are barred by the applicable limitations period. According to Defendant Nordana (USA) Inc. ("Nordana")[1], Plaintiff filed this lawsuit more than four years after the goods made the basis of the lawsuit were delivered in Nigeria – outside of both the one year statutory limitations period provided for in the Carriage of Goods by Sea Act (COGSA), 46 U.S.C. § 30701, Note § 3(6), and the one year limitations period set forth in the parties' Bill of Lading. Plaintiff has not, to this date, filed a response to Defendant Nordana's Motion for Summary Judgment.

Having considered the Motion for Summary Judgment, the absence of a response, the claims at issue in this case, the terms of the Bill of Lading that governed the shipment of the goods at issue and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Defendant's Motion for Summary Judgment (Document No. 23) be GRANTED.

---

[1] Nordana is now known as (n/k/a) Weco USA, Inc.

**Background**

Plaintiff Dorcas-Jedi & Associates, Limited ("Dorcas-Jedi"), a corporation organized under the laws of Nigeria, filed this lawsuit against Divine Edlen USA, LLC on August 5, 2016, complaining about the quality of the goods (enzymatic dough) it had purchased from Divine Edlen, and which were shipped to Nigeria in 2013. Dorcas-Jedi asserted claims against Divine Edlen in the Original Complaint for breach of contract, breach of various warranties, and negligence. Divine Edlen did not file an Answer or any other responsive pleading. On July 20, 2017, after having been granted leave to do so, Dorcas-Jedi filed a First Amended Complaint (Document No. 13). In that First Amended Complaint, Dorcas-Jedi continued to assert the same claims against Divine Edlen, but also purported to add, as additional defendants, Nordana USA, Inc., Citibank National Association, and Diamond Bank PLC. With regard to Defendant Nordana USA, Inc., Dorcas-Jedi asserted breach of contract and negligence claims. With respect to the breach of contract claim, Dorcas-Jedi alleged:

> Dorcas Jedi was the intended third party beneficiary of the contract between Divine Edlen and Nordana with respect to the shipment of the products to Nigeria. . . . Defendants, Divine Edlen and Nordana, also breached the contract for improperly packaging, storing and by shipping the goods later than contracted for by the parties. These defendants failed to perform and the goods did not get to Dorcas Jedi in 2012 as agreed to by the parties.

As for the negligence claim, Dorcas-Jedi alleged as follows:

> 53. Dorcas-Jedi & Associates Limited and Defendant entered into an Exclusive Distributorship Agreement for the purchase, sale and distribution in Nigeria of Defendant's EDC-95/EDC-2000 Combo Pak. To further this agreement, Divine Edlen entered into a contract with .Defendant Nordana USA to ship the goods to Dorcas-Jedi & Associates Limited in Nigeria. Thus Dorcas-Jedi is a party or intended third-party beneficiary to the contracts herein alleged.

2

> 54. Defendants, Divine Edlen and Nordana, and their agent(s) had a duty to exercise due care in handling and delivering the goods to Dorcas-Jedi at all times from its factory up to and including the time that Dorcas-Jedi took possession of the goods in Nigeria. Defendants' duty is heightened because the contract is an Exclusive Contract imposing a duty of good faith and because of the special nature of the goods.
>
> 55. Divine Edlen and Nordana breached their duty to Dorcas-Jedi & Associates Limited by their excessive delays, dropping Onne, Nigeria from its scheduled port of call and its mishandling of the goods before they were delivered to Nigeria.
>
> 56. Divine Edlen breached its duty to Dorcas-Jedi by packaging and shipping powder and liquids in an untested can prototype and by shipping expired and defective products to Dorcas-Jedi & Associated Limited.
>
> 57. By the time Dorcas-Jedi took possession of the products shipped by Defendants, the products had turned into a dough-like substance. The actions or lack of actions by Nordana and Defendants caused Dorcas-Jedi significant financial damages, as well as damages to its reputation as a reputable distributor within Nigeria.
>
> 58. Dorcas-Jedi & Associated Limited sustained foreseeable damages due to the conduct of Defendants, Divine Edlen and Nordana. Dorcas-Jedi & Associates Limited is entitled to any and all compensatory damages flowing from the actions of Defendants.

Plaintiff's First Amended Complaint (Document No. 13) at 8, 9, 12-13. Defendant Nordana filed an Answer on August 31, 2017 (Document No. 19), and several months later, a Motion for Summary Judgment (Document No. 23). In that Motion for Summary Judgment, Nordana argues that it is entitled to summary judgment on Dorcas-Jedi's claims against it because they were not asserted until more than four years after the delivery of the allegedly defective goods made the basis of this lawsuit. Nordana relies on the one-year statute of limitations in COGSA as well as the one year limitations period set forth in the Bill of Lading associated with the shipment(s) at issue. As set forth above, Dorcas-Jedi has not, to this date, filed a response to Nordana's Motion for Summary Judgment.

**Summary Judgment Standard**

Rule 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party must initially "demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 106 S. Ct. 2548, 2553 (1986). Once the moving party meets its burden, the burden shifts to the nonmovant, "who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists" and that summary judgment should not be granted. *Norwegian Bulk Transport A/S v. International Marine Terminals Partnership*, 520 F.3d 409, 412 (5th Cir. 2008); *see also Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials in a pleading, and unsubstantiated assertions that a fact issue exists will not suffice. *Celotex*, 106 S. Ct. at 2548. Instead, "the nonmoving party must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris*, 144 F.3d at 380.

**Discussion**

Section 5(C)(3)(i)(b) of the Bill of Lading, entitled "Time bar," provides as follows:

> Subject to any provision of this Clause 5 to the contrary the Carrier shall be discharged of all liability under this Bill of Lading unless suit is brought and notice thereof given to the Carrier within twelve months after delivery of the Goods or the date when the Goods should have been delivered.

This time bar provision in the Bill of Lading is consistent with the limitations provision in COGSA, 46 U.S.C. § 30701, note § 3(6), which states:

> In any event the carrier and the ship shall be discharged from all liability in respect of loss or damage unless suit is brought within one year after delivery of the goods

4

or the dates when the goods should have been delivered.

*See also Ziegler v. Subalipack (M) SDN BHD*, No. CV 16-2598, 2017 WL 2671148, at *5 (S.D. Tex. June 21, 2017) ("COGSA imposes a one-year statute of limitations on claims for damaged goods").

Here, the uncontroverted summary judgment evidence shows that the goods at issue were delivered to Dorcas-Jedi in Nigeria on January 2, 2013 (Document No. 23-1 at 1, ¶ 3), Dorcas-Jedi sent a letter to Nordana on March 6, 2013, rejecting the cargo (Document No. 23-2), and a survey of the cargo was done and a report was issued on March 21, 2013 (Document No. 23-4). The uncontroverted summary judgment evidence also shows that Nordana had no communications with, or from, Dorcas-Jedi after the March 6, 2013 letter. *See* Declaration of Jakob Laursen (Document No. 23-1). That uncontroverted summary judgment evidence, coupled with the fact that Dorcas-Jedi first asserted claims in this lawsuit against Nordana on July 20, 2017, establishes, as a matter of law, that Dorcas-Jedi's claims against Nordana are time barred both pursuant to the terms of the Bill of Lading, and under the limitations provisions of COGSA.

**Conclusion and Recommendation**

Based on the foregoing, and the conclusion that Plaintiff Dorcas-Jedi & Associates, Limited's claim(s) against Defendant Nordana USA, Inc. are barred by the applicable statute of limitations, having been filed over three years too late, the Magistrate Judge

RECOMMENDS that Defendant Nordana (USA), Inc.'s Motion for Summary Judgment (Document No. 23) be GRANTED and that Plaintiff's claims against Defendant Nordana (USA), Inc. be DISMISSED WITH PREJUDICE.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within fourteen (14) days after being served with a copy, any party may file

written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 26th day of April, 2018.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE